UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 12-CR-0224 (PJS/SER) |
| Plaintiff, | |
| v. | ORDER |
| ROBBERT MICHAEL PARGE, | |
| Defendant. | |

The wife of defendant Robbert Michael Parge died on December 20, 2004, leaving behind her husband and two minor children.

It is uncontested that, at that point, the two children were entitled to Social Security survivor benefits. The Court will refer to these benefits as the "children's benefits." Because the children were minors, the benefits could not be paid directly to them, but instead had to be paid to a legal guardian or someone else on their behalf. In this case, the benefits were paid to Parge.

Upon his wife's death, Parge himself was also entitled to Social Security survivor benefits if — roughly speaking — he took care of the children and at least one of the children was under the age of 16. The Court will refer to these benefits as the "caretaker's benefits."

The government has charged Parge with crimes based upon two allegations. First, the government alleges that Parge spent the children's benefits on his own behalf and not on behalf of the children. Second, the government alleges that Parge was not entitled to caretaker's benefits, because he did not, in fact, take care of the children.

The alleged misconduct with respect to the children's benefits would seem to violate 42 U.S.C. § 408(a)(5), which makes it a crime for a person "having made application to receive payment under this subchapter for the use and benefit of another and having received such a payment, [to] knowingly and willfully convert[] such a payment . . . to a use other than for the use and benefit of such other person." That is precisely what Parge is accused of doing with respect to the children's benefits. The alleged misconduct with respect to the caretaker's benefits would seem to violate 42 U.S.C. § 408(a)(3), which makes it a crime for a person "at any time [to] make[] or cause[] to be made any false statement or representation of a material fact for use in determining rights to payment under this subchapter." According to the government, Parge made numerous false statements to the Social Security Administration ("SSA"), which caused the SSA to pay Parge caretaker's benefits to which he was not entitled.

Curiously, however, the government did not indict Parge under either § 408(a)(3) or § 408(a)(5). Instead, the government indicted Parge for theft of government funds under 18 U.S.C. § 641 and for concealment from the SSA under 42 U.S.C. § 408(a)(4). The government's charging decision raises a number of difficult questions that must be addressed before the trial of this case commences on April 17, 2013.

*Count One*

As noted, Count One charges Parge with theft of government funds under 18 U.S.C. § 641. To obtain a conviction on this count, the government must prove, beyond a reasonable doubt, that Parge:

> (1) voluntarily, intentionally, and knowingly stole or converted money to his own use or to the use of another; (2) acted with the intent to deprive the owner of the use or benefit of the money so

taken; and (3) the money belonged to the United States and had a value in excess of one thousand dollars ($1,000).

*United States v. McCorkle*, 688 F.3d 518, 521 n.3 (8th Cir. 2012).

Insofar as Count One relates to the children's benefits, the Court questions whether Parge stole money that "belonged *to the United States*," as opposed to money that belonged *to his children*. There does not appear to be any dispute that the children were entitled to those benefits. In other words, nothing that Parge did caused the government to spend one penny more than it was obligated to spend. If what the government alleges is true, then Parge stole from his children, in the sense that he deprived his children of the use or benefit of money to which they were entitled. But he did not steal from the government, in the sense of depriving the government of the use or benefit of money to which the *government* would have been entitled in the absence of Parge's conduct. The first issue that the Court asks the parties to address, then, is whether, if Parge spent the children's benefits for his own use, he stole the funds of the government in violation of 18 U.S.C. § 641.

Insofar as Count One relates to the caretaker's benefits, the Court's concern is evidentiary. It seems to the Court that Parge cannot be convicted of *stealing* the caretaker's benefits unless he was not *entitled* to the caretaker's benefits. The Court emphasizes — as it did repeatedly to the government at the pretrial conference on April 1, 2013 — that Count One does not charge Parge with *lying*; it charges him with *stealing*. So unless Parge took money that he had no right to receive, he did not steal government property, even if he told a lot of lies to the government.

At the pretrial conference, the government explained that Parge was not entitled to caretaker's benefits because he did not care for his children, but the government had difficulty explaining what a parent had to do in order to qualify for caretaker's benefits. For example, the government at various points suggested that, for a parent like Parge to be eligible for caretaker's benefits, he and his children have to "live under the same roof" or be "domiciled" in the same location. At other times, however, the government suggested that a parent might be eligible for caretaker's benefits even if the children do *not* live with him.

This kind of imprecision will not do in a criminal proceeding. The jury will need to know *exactly* who is qualified for caretaker's benefits and *exactly* why Parge was not qualified. And that raises the second issue that the Court asks the parties to address: How does the government intend to make the jury aware of the eligibility criteria? What statute, regulation, or other legal source defines who is eligible for caretaker's benefits? Will the jury be able to understand that legal source without the assistance of an expert witness?

Finally, the Court asks the parties to brief a third issue with respect to Count One: What scienter must the government prove in order to obtain a conviction? Does the government have to prove that Parge knew that, under the governing eligibility criteria, he was not entitled to caretaker's benefits? If so, how does the government intend to prove this fact, given that the government itself struggled to explain those criteria at the pretrial conference?

*Count Two*

As noted, Count Two charges Parge with concealment from the SSA in violation of 42 U.S.C. § 408(a)(4). To obtain a conviction on this count, the government must prove the following beyond a reasonable doubt:

(1) the defendant had knowledge of an event affecting his right to receive or to continue to receive payments;

(2) the defendant knowingly concealed or failed to disclose this event to the Social Security Administration; and

(3) the defendant concealed or failed to disclose this event with the intent to fraudulently secure payment of Social Security disability benefits in an amount greater than was due him or when no payment to him was authorized.

*United States v. Baumgardner*, 85 F.3d 1305, 1310-11 (8th Cir. 1996).

The Court has a number of questions about Count Two, and asks the parties to address these questions:

1. Is Count Two intended to encompass Parge's conduct with respect to both the children's benefits and the caretaker's benefits, or only his conduct with respect to the caretaker's benefits?

2. What exactly is the "event" of which Parge "had knowledge" and "knowingly concealed or failed to disclose"?

3. How will the government prove that this "event" in fact "affect[ed] [Parge's] right to receive or to continue to receive payments"? This is similar to the second question that the Court asked about Count One. Presumably, to show that this "event" affected Parge's right to benefits, the government will have to make the jury aware of the eligibility criteria. How does the government intend to do that?

4. What scienter must the government prove in order to convict on Count Two? If the jury finds that Parge sincerely but wrongly believed that the "event" that he failed to disclose would not have affected his right to benefits, must the jury acquit him?

The Court asks the government to submit a brief addressing these issues by Monday, April 8, 2013; the defendant to submit a response by Thursday, April 11; and the government to submit any reply by Monday, April 15.

SO ORDERED.

Dated: April 2, 2013                         s/Patrick J. Schiltz
                                             Patrick J. Schiltz
                                             United States District Judge